UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR18-199 DWF/HB

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT |
| | ) |
| Plaintiff, | ) 18 U.S.C. § 922 |
| | ) 18 U.S.C. § 924(a)(2) |
| v. | ) 18 U.S.C. § 924(c)(1)(A)(iii) |
| | ) 18 U.S.C. § 924(e)(1) |
| DAKOTA JAMES LAFAVE, | ) 18 U.S.C. § 1513 |
| a/k/a Biggs, | ) 18 U.S.C. § 1959 |
| | ) |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

INTRODUCTION

THE RACKETEERING ENTERPRISE:

The Native Mob

1.   At all times relevant to this Indictment, in the District of Minnesota, and elsewhere, Defendant DAKOTA JAMES LAFAVE, aka "Biggs," and others, were members and associates of the Native Mob gang, a criminal organization comprised primarily of Native American males.  Members and associates of the Native Mob engage and have engaged in acts of violence, including murder, attempted murder, robbery, and assault with a dangerous weapon.  The Native Mob, including its leadership, membership and associates, constitutes an "enterprise" as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated-in-fact which is engaged in, and the activities of which affect interstate and foreign commerce.  The Native Mob criminal enterprise constitutes an ongoing organization whose members function as a

SCANNED
AUG 15 2018
U.S. DISTRICT COURT MPLS

continuing unit for a common purpose of achieving the objectives of the enterprise.

2.     The Native Mob, through its members and associates, engages in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, trafficking in controlled substances in violation of Title 21, United States Code, Sections 841 and 846.

**Purposes of the Enterprise**

3.     The purposes of the enterprise include the following:

a.     Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation and violence, including murders, attempted murders, assaults, robberies, and threats of violence;

b.     Promoting and enhancing the enterprise and its members' and associates' activities, including, but not limited to, murder, attempted murder, assaults, narcotics trafficking, robberies, and other criminal activities;

c.     Keeping victims and potential victims in fear of the enterprise and in fear of its members and associates, through violence and threats of violence;

d.     Providing financial support and information to gang members, including those who were incarcerated for committing acts of violence or other offenses;

e.     Providing assistance to other gang members who committed crimes for and on behalf of the enterprise; and

f.     Providing assistance to other gang members, in order to hinder, obstruct and prevent law enforcement officers from identifying the offender,

apprehending the offender, and trying and punishing the offender.

## The Means and Methods of the Enterprise

4. The means and methods by which the members and associates of the Native Mob conducted and participated in the conduct of the affairs of the Native Mob included, but were not limited to:

   a. Members and associates of the Native Mob would regularly meet as required with other Native Mob gang members to discuss, among other things, past acts of violence and other crimes committed by gang members against rival gang members and others; to notify one another about gang members who were arrested or incarcerated; to discuss the disciplining of Native Mob gang members; to discuss police interactions with gang members; to share with one another the identities of individuals who might be cooperating with law enforcement and propose actions to be taken against those individuals; to plan and agree upon the commission of future crimes, including drug-trafficking, murders, robberies, and assaults; and to reinforce gang rules and by-laws.

   b. Members and associates of the Native Mob agreed to purchase, maintain and circulate a collection of firearms for use in criminal activity by Native Mob members.

   c. Members and associates of the Native Mob agreed that acts of violence, including murder, attempted murder, and assault would be committed by members and associates of the Native Mob against rival gang members and

3

    to impose discipline within the Native Mob itself, and on other occasions as deemed necessary.

  d. Members and associates of the Native Mob agreed that members and associates of the Native Mob would commit robberies, acts of drug distribution and other crimes.

  e. Members and associates of the Native Mob would conceal their criminal activities and obstruct justice, including by threatening and retaliating against witnesses.

  f. Members and associates traveled in interstate and foreign commerce to conduct the affairs of the enterprise.

## COUNT 1
(Attempted Murder in Aid of Racketeering)

  5. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

  6. On or about October 27, 2017, in the State and District of Minnesota, the defendant,

**DAKOTA JAMES LAFAVE,**
**a/k/a Biggs,**

for the purpose of maintaining and increasing position in the Native Mob gang, an enterprise engaged in racketeering activity, committed attempted murder of an individual whose identity is known to the Grand Jury, in violation of Minnesota Statute §§

609.185(a)(1) and 609.17. All in violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT 2
(Assault With a Dangerous Weapon in Aid of Racketeering)

7. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

8. On or about October 27, 2017, in the State and District of Minnesota, the defendant,

**DAKOTA JAMES LAFAVE,**
**a/k/a Biggs,**

for the purpose of maintaining and increasing position in the Native Mob gang, an enterprise engaged in racketeering activity, did assault with a dangerous weapon, an individual whose identity is known to the Grand Jury, in violation of Minnesota Statute §§ 609.222, Subd. 1. All in violation of Title 18, United States Code, Section 1959(a)(3).

## COUNT 3
(Witness Retaliation)

9. On or about October 27, 2017, in the State and District of Minnesota, the defendant,

**DAKOTA JAMES LAFAVE,**
**a/k/a Biggs,**

did attempt to kill an individual whose identity is known to the Grand Jury with the intent to retaliate against that individual for testimony given at an official proceeding, all in violation of Title 18, United States Code, Section 1513(a)(1)(A).

## COUNT 4
(Witness Retaliation)

10. On or about October 27, 2017, in the State and District of Minnesota, the defendant,

**DAKOTA JAMES LAFAVE,**
a/k/a Biggs,

did knowingly engage in conduct and thereby cause bodily injury to a person whose identity is known to the Grand Jury with the intent to retaliate against that individual for testimony given at an official proceeding, all in violation of Title 18, United States Code, Section 1513(b)(1).

## COUNT 5
(Using, Carrying and Discharging a Firearm
During and in Relation to Crimes of Violence)

11. On or about October 27, 2017, in the State and District of Minnesota, the defendant,

**DAKOTA JAMES LAFAVE,**
a/k/a Biggs,

during and in relation to crimes of violence for which he may be prosecuted in a court of the United States, that is, the crimes set forth in Counts 1, 2, 3, and 4 of this indictment, which are hereby realleged and incorporated herein by reference, did knowingly and unlawfully use, carry and discharge a firearm, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

## COUNT 6
(Felon in Possession of Ammunition – Armed Career Criminal)

12. On or about March 25, 2018, in the State and District of Minnesota, the defendant,

**DAKOTA JAMES LAFAVE,**
a/k/a **Biggs,**

having previously been convicted of the following crimes, each of which was punishable by a term of imprisonment exceeding one year, and at least three of which were violent felonies committed on occasions different from one another, namely,

| Crime | Jurisdiction of Conviction | Date of Conviction (in or about) |
|---|---|---|
| Second Degree Assault | Carlton County | May 2009 |
| Second Degree Assault | Carlton County | January 2010 |
| Second Degree Assault | Mille Lacs County | June 2014 |

did knowingly possess, in and affecting interstate and foreign commerce, ammunition, that is, 4 rounds of Sadu 7.62 x 39 caliber ammunition and 4 rounds of Tulammo 7.62 x 39 caliber ammunition, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

A TRUE BILL

UNITED STATES ATTORNEY                FOREPERSON