UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 18-199 (JRT/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>DAKOTA JAMES LAFAVE, )<br>a/k/a Biggs, )<br>)<br>Defendant. ) | PLEA AGREEMENT AND<br>SENTENCING STIPULATIONS |

The United States of America and DAKOTA JAMES LAFAVE, (hereinafter referred to as the "defendant"), agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota and the Hennepin County Attorney's Office. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Counts 2, 4, and 5 of the Indictment. Count 2 charges the defendant with Assault With a Dangerous Weapon in Aid of Racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3). Count 4 charges the defendant with Witness Retaliation (Bodily Injury), in violation of Title 18, United States Code, Section 1513(b)(1). Count 5 charges the defendant with Discharge of a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States

1


SCANNED
JAN 2 5 2019
U.S. DISTRICT COURT MPLS

Code, Section 924(c). In exchange for the defendant's plea to Counts 2, 4, and 5 of the Indictment, the Government will, at sentencing, dismiss the remaining charges contained in the Indictment. The government further agrees it will not prosecute the defendant for any federal offense arising out of the events of October 27, 2017, through March 25, 2018, in Minneapolis, Minnesota.

The defendant also agrees to plead guilty to Aiding and Abetting Murder in the Second Degree (Intentional) in Hennepin County case number 27-CR-18-15162. The sentence for that offense agreed to by the Hennepin County Attorneys Office and the defendant is 366 months. All parties to both this federal plea agreement and the Hennepin County plea agreement will recommend that the sentences for the above-captioned federal case and Hennepin County case number 27-CR-18-15162 be run concurrent with each other. The parties stipulate that the defendant is in primary federal custody and that federal authorities will maintain primary jurisdiction over the defendant upon sentencing of both federal and state cases referenced in this agreement.

2. **Factual Basis**. It is stipulated that Counts 2, 4, and 5 of the Indictment are true and that the defendant is guilty of those charges. The defendant agrees that the Government has sufficient evidence to prove the following facts beyond a reasonable doubt at trial:

    a. From in or about the mid-1990's until the present, persons known and unknown formed an enterprise that operated in the United States, including in the State and

District of Minnesota. The members of the enterprise engaged in a criminal conspiracy, the object of which was to conduct or participate in the enterprise's affairs through a pattern of racketeering activity.

      b.     The enterprise was known as the "Native Mob," an association in fact. The defendant stipulates that the Native Mob shared a common purpose, had a continuity of structure and personnel, and had structure that was distinct from that inherent in the racketeering activity in which it engaged.

      c.     The defendant stipulates that the Native Mob, would meet as required with other Native Mob gang members to discuss, among other things, past acts of violence and other crimes committed by gang members against rival gang members and others; to notify one another about gang members who were arrested or incarcerated; to discuss the disciplining of Native Mob gang members; to share with one another the identities of individuals who may be cooperating with law enforcement and propose actions to be taken against those individuals; to plan and agree upon the commission of future crimes, including drug-trafficking, murders, robberies, and assaults; and to reinforce gang rules and by-laws.

      d.     The defendant stipulates that members and associates of Native Mob agreed to purchase, maintain and circulate a collection of firearms for use in criminal activity by Native Mob members.

e. The defendant specifically admits the following facts are true: the defendant joined the Native Mob in or about 2006 and has maintained his membership in the enterprise since. The defendant admits that on October 27, 2017, he committed assault with a dangerous weapon on a former Native Mob member ("the victim"). The defendant admits that on this date he intentionally shot the victim with a firearm, in part, to maintain or increase his own position within the Native Mob. The defendant further admits that he shot the victim in retaliation for the victim's cooperation in a federal investigation of the Native Mob and in doing so, caused bodily injury to the victim. The defendant admits that at the time he shot the victim, he knew that the victim had provided information to federal law enforcement about the Native Mob's criminal activities and that the victim had testified for the government in an earlier federal trial related to the Native Mob. The defendant admits that he discharged a firearm in furtherance of the commission of the crimes of violence alleged in Counts 2 (Violent Crime in Aid of Racketeering) and 4 (Witness Retaliation). The defendant stipulates and agrees that the allegations in Counts 2 and 4 each constitute a "crime of violence" under federal law.

f. The defendant admits that the enterprise existed, that the enterprise affected interstate commerce and that he was associated with the enterprise. The defendant admits that he knew that his conduct was illegal, and that he did so voluntarily and not under coercion or duress.

3. **Statutory Penalties (Count 2)**. The defendant understands that the maximum punishment for this offense is as follows:

   a. a maximum term of twenty (20) years imprisonment;

   b. a term of supervised release of up to 5 years;

   c. a fine of $250,000;

   d. a mandatory special assessment of $100; and

   e. payment of mandatory restitution in an amount to be determined by the Court.

4. **Statutory Penalties (Count 4)**. The defendant understands that the maximum punishment for this offense is as follows:

   a. a maximum term of life[1] imprisonment;

   b. a term of supervised release of up to 5 years;

   c. a fine of $250,000;

   d. a mandatory special assessment of $100; and

   e. payment of mandatory restitution in an amount to be determined by the Court.

5. **Statutory Penalties (Count 5)**. The defendant understands that the maximum punishment for this offense is as follows:

---

[1] Under Section 1513(c), if the retaliation occurred because of attendance at or testimony in a criminal case, the maximum term of imprisonment which may be imposed for the offense under Section 1513 shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case. Because the maximum term that could have been imposed in the matter in which the victim testified was life imprisonment, the defendant's maximum punishment for Count 4 becomes life imprisonment.

5

a. a maximum term of life imprisonment;

b. a mandatory minimum term of not less than 10 years' imprisonment, consecutive to the term of imprisonment imposed for Counts 2 and 4;

c. a fine of $250,000;

d. term of supervised release of up to 5 years; and

d. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)).

6. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Waiver of Pretrial Motions.** The defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly and voluntarily gives up the right to file pretrial motions in this case.

8. **Guidelines Calculations**. The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit either party from presenting to the Court at the time of sentencing any and all evidence which they think relevant to the Court's determination of a just sentence. The parties also acknowledge that the Court will consider the United States

6

Sentencing Guidelines in determining the appropriate sentence, and stipulate to the following advisory guidelines calculations:

    a.    <u>Count 2 – Assault With a Dangerous Weapon in Aid of Racketeering</u>.

The parties agree that the appropriate Guidelines Section for Count 2 of the Indictment is § 2E1.3(a)(2) which assigns a base offense level applicable to the underlying crime. In Count 2, the underlying crime is aggravated assault. The parties agree that under § 2A2.2(a)(aggravated assault), the base offense applicable to the assault is 14. The parties agree that two specific offense characteristics apply. First, a 5-level increase is applied because a firearm was discharged (see § 2A2.2(a)(2)). An additional 5-level increase is applied because the victim suffered serious bodily injury (see § 2A2.2(a)(3)). Therefore, the adjusted offense level for Count 2 is 24 (14+5+5 = 24).

    b.    <u>Count 4 – Witness Retaliation (Bodily Injury)</u>

The parties agree that the appropriate Guidelines Section for Count 4 of the Indictment is § 2A2.2(a)(aggravated assault). The parties agree that under § 2A2.2(a)(aggravated assault), the base offense applicable to the assault is 14. The parties agree that two specific offense characteristics apply. First, a 5-level increase is applied because a firearm was discharged (see § 2A2.2(a)(2)). Second, an additional 5-level increase is applied because the victim suffered serious bodily injury (see § 2A2.2(a)(3)). Therefore, the adjusted offense level for Count 4 is 24 (14+5+5 = 24).

9. **Career Offender**. Regardless of calculations set forth in paragraph 8, the parties agree that it appears that the defendant is a Career Offender because he was at least eighteen years old at the time of the offense of conviction and the defendant has at least two prior felony convictions for crimes of violence.[2] See § 4B1.1(a). As a result, the offense level for Count 2 is 32. See § 4B1.1(b)(3)(where the offense statutory maximum is 20 years or more, the total offense level is 32). For Count 4, the base offense level becomes 37. See § 4B1.1(b)(1)(where the offense statutory maximum is life, the total offense level is 37).

10. **Adjustments**. The parties agree that none of the adjustments found in Chapter 3 apply.

11. **Acceptance of Responsibility**. The government will recommend that the defendant receive a three-level credit for acceptance of responsibility provided that: (1) he testifies truthfully during the change of plea hearing, (2) he cooperates with the Probation Office in the pre-sentence investigation, and (3) commits no further acts inconsistent with acceptance of responsibility.

12. **Criminal History Category**. Based on information available at this time, the parties believe that the defendant has a criminal history category of VI. The defendant acknowledges that if he is found to be a Career Offender, his Criminal History Category

---

[2] The defendant has 3 separate felony convictions for Assault in the Second Degree. In 2009, the defendant was convicted of Assault in the Second Degree – Dangerous Weapon (*see* Carlton County Case No. 09-CR009-445). In 2010, the defendant was convicted of Assault in the Second Degree – Dangerous Weapon (*see* Carlton County Case No. 09-CR-10-248). In 2012, the defendant was convicted of Assault in the Second Degree – Dangerous Weapon (see Mille Lacs County case no. 48-CR-13-195).

8

will be VI. See § 4B1.1(b). This does not constitute a stipulation, but is a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

13. **Guideline Calculations**.

Count 2: if the defendant receives a 3-level reduction for acceptance of responsibility, the offense level is decreased to 29 (32-3=29). At a Category VI criminal history, the defendant's Guideline Range for Count 2 is 151-188 months in custody.

Count 4: if the defendant receives a 3-level reduction for acceptance of responsibility, the offense level is decreased to 34 (37-3=34). At a Category VI criminal history, the defendant's Guideline Range for Count 4 is 262-327 months in custody. The parties will recommend that the sentence for Count 4 run concurrent with the sentence for Count 2.

Count 5: under 18 U.S.C. § 924(c)(1)(A)(iii), a 120-month mandatory minimum sentence is imposed consecutive to the sentences for Counts 2 and 4. Therefore, the resulting Guidelines range for Counts 2, 4, and 5 becomes 382-447 months imprisonment.

14. **Discretion of the Court**. The foregoing Sentencing Guidelines stipulations bind the parties but do not bind the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable guidelines

factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable guideline calculations or the defendant's criminal history are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

15. **Joint Sentencing Recommendation.** Based on the facts and circumstances in this case, the United States and the defendant agree to jointly recommend a sentence of 366 months to be run concurrent with his sentence in Hennepin County case number 27-CR-18-15162. Both parties will advocate that 366 months is a reasonable and appropriate sentence after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). The parties recognize that 366 months is 16 months below the guidelines range calculations set forth in this plea agreement.

16. **Fine Range**. If the offense level is 34, the fine range is $35,000-$350,000.

17. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted (U.S.S.G. § 5E1.3). The defendant agrees to pay the special assessment of $300.00 prior to sentencing.

18. **Complete Agreement**. The foregoing sets forth the full extent of the Plea Agreement and Sentencing Stipulations in the above-captioned case. There are no other agreements, promises, representations or understandings.

Date: *January 9th, 2018*

ERICA H. MacDONALD
United States Attorney

*ARW 1/22/2019*

*Andrew R. Winter*

BY: ANDREW R. WINTER
Assistant U.S. Attorney
Attorney ID No. 0232531

*Andrew R. Winter for B.M.E.*

BY: BRADLEY M. ENDICOTT *BME 1/22/2019*
Assistant U.S. Attorney

Date: JAN 7TH 2019

*DL 1-22-2019*

DAKOTA JAMES LAFAVE
Defendant

Date: Jan 7 2019

*Wm Michael* *Wm Michael Jan 22 2019*

WILLIAM MICHAEL, ESQ.
Counsel for Defendant

11