**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Crim. No. 18-199 (JRT)

Plaintiff,

v.

DAKOTA JAMES LAFAVE,

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REDUCE
SENTENCE**

Defendant.

Katharine T. Buzicky and Bradley M. Endicott, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Saint Paul, MN 55101, for Plaintiff.

Dakota James Lafave, Reg. No. 21620-041, USP Canaan, PO Box 300, Waymart, PA 18472, *pro se* Defendant.


On January 22, 2019, Defendant Dakota James Lafave pled guilty to three offenses: assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3); witness retaliation in violation of 18 U.S.C. § 1513(b)(1); and using, carrying, and discharging a firearm during and in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  (Plea Agreement at 1–2, Jan. 22, 2019, Docket No. 37.)  Lafave was sentenced to 366 months imprisonment, after which he would be subject to three years of supervised release.  (Sentencing J. at 3, May 21, 2019, Docket No. 47.)

On August 11, 2025, Lafave filed a Pro Se Motion to Reduce Sentence relying on two authorities: 18 U.S.C. 3582(c)(2)[1] and the First Step Act of 2018.  (Docket No. 65.) After careful review of Lafave's motion, the Court concludes that relief is not warranted. The Court will therefore deny the motion.

**DISCUSSION**

**I.     MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(C)(2)**

The Court has authority to reduce a defendant's sentence after it is imposed if he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(2).

Lafave relies on Amendment 829, which amended Section 5H1.1 of the United States Sentencing Guidelines to state that "[a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses."  U.S.S.G. App. C, amend. 829 (Nov. 2024).

Lafave's reliance on Amendment 829 is misplaced for two reasons.  First, "Amendment 829 was never made retroactive."  *United States v. Smith*, 177 F.4th 1166,

---

[1] The Government construes Lafave's motion as pursuant to the compassionate release provision of Section 3582(c)(1)(A)(i).  Lafave contends that his motion "was not filed as a compassionate release motion . . . ."  (Pro Se Reply at 1, Dec. 15, 2025, Docket No. 70.)  The Court reads Lafave's citation of Amendment 829 as invoking 18 U.S.C. § 3582(c)(2), (Pro Se Mot. Reduce Sentence at 1, Aug. 11, 2025, Docket No. 65) which allows the Court to reduce sentences following amendments to the sentencing guidelines.  Regardless of the authority under which Lafave brings his motion, his substantive arguments lack merit, and his motion will be denied.

1169 (11th Cir. 2026).  Second, U.S.S.G. § 5H1.1 "has since been deleted pursuant to Amendment 836 on November 1, 2025."  *Id*. (citing U.S.S.G. App. C, amend. 836 (Nov. 2025)).  For both of these reasons, the Court will deny Lafave's motion for a sentence reduction to the extent he relies on Amendment 829.

## II.   MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT

Lafave also argues that the First Step Act entitles him to a reduced sentence.  (Pro Se Motion to Reduce Sentence at 2–3, Aug. 11, 2025, Docket No. 65.)[2]

Before Congress enacted the First Step Act, 18 U.S.C. § 924(c) included a recidivism enhancement that imposed an additional 25 years of imprisonment for any "second or subsequent conviction under this subsection."  *Hewitt v. United States*, 606 U.S. 419, 423 (2025) (quoting 18 U.S.C. § 924(c)(1)(C)(i) (2006 ed.)).  For many years, the statute was interpreted to permit "stacking" of convictions for first-time offenders convicted of multiple § 924(c) counts, leading offenders to "receive a mandatory 25-year sentence on the second count, 'stacked' upon . . . the first count's mandatory 5-year sentence . . . . [a]nd each additional § 924(c) count would add another 25 years . . . ."  *Hewitt*, 606 U.S. at 423.  "Among other things, § 403(a) of the First Step Act 'clarif[ied]' that district court judges are *not* required to impose stacked 25-year sentences when sentencing first-time § 924(c) offenders."  *Id.* at 424 (alteration in original).

---

[2] The Government construes this argument as seeking compassionate release under the "unusually long sentence" provision of the sentencing guidelines.  *See* U.S.S.G. § 1B1.13(b)(6).

But in this case, Lafave pled guilty to only **one** count under § 924(c), and therefore, the practice of "stacking" convictions—which the First Step Act sought to reform—did not impact his sentence.   Accordingly, the Court will deny Lafave's motion to reduce his sentence pursuant to the First Step Act.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Dakota James Lafave's Pro Se Motion to Reduce Sentence (Docket No. [65]) is **DENIED**.

DATED:  July 17, 2026                         _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                             United States District Judge